# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| ANITA KAY GILL | § | |
| | § | |
| v. | § | |
| | § | |
| CAROLYN W. COLVIN, | § | Case No. 2:13-CV-0582-RSP |
| ACTING COMMISSIONER, SOCIAL | | |
| SECURITY ADMINISTRATION | | |

## MEMORANDUM RULING

On April 1, 2013, Administrative Law Judge Gilbert Rodriguez issued a decision finding that Petitioner Anita Kay Gill was not disabled within the meaning of the Social Security Act before or after July 19, 2010, the date the application was filed, through the date of the decision. Ms. Gill, who was 41 with an 8th grade education at that time, was found to be suffering from severe impairments including afferent papillary defect with no light perception in the right eye and hypertension. These impairments resulted in restrictions on her ability to work, and she had not engaged in any substantial gainful activity since at least July 19, 2010. Before that time she had worked as a fast food worker, home health aide, housekeeper/cleaner and nursing home housekeeper.

After reviewing the medical records and receiving the testimony at the hearing, the ALJ determined that Petitioner had the residual functional capacity to perform the full range of light work, as defined in the Social Security Regulations, and that "Claimant has no acute visual ability; she cannot see things that are extra small; and she cannot perform tasks that require bilateral vision; and has limited near acuity." Based on the testimony of a vocational expert

1

witness, the ALJ determined that Petitioner could perform the requirements of her past relevant work as a housekeeper/cleaner, and further found in the alternative that she can perform certain other jobs that exist in substantial numbers in the national economy, such as cafeteria attendant, poultry processor, and assembler of small products. This finding resulted in the determination that Petitioner was not entitled to supplemental security income (SSI) benefits. Petitioner appealed this finding to the Appeals Council, which denied review on July 16, 2013. Petitioner timely filed this action for judicial review seeking remand of the case for award of benefits.

This Court's review is limited to a determination of whether the Commissioner's final decision is supported by substantial evidence on the record as a whole and whether the Commissioner applied the proper legal standards in evaluating the evidence. See *Martinez v. Chater*, 64 F.3d 172, 173 (5th Cir.1995); *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir.1994), cert. denied, 514 U.S. 1120, 115 S.Ct. 1984, 131 L.Ed.2d 871 (1995). Substantial evidence is more than a scintilla, but can be less than a preponderance, and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir.1995). A finding of no substantial evidence will be made only where there is a "conspicuous absence of credible choices" or "no contrary medical evidence." *Abshire v. Bowen*, 848 F.2d 638, 640 (5th Cir.1988) (citing *Hames v. Heckler*, 707 F.2d 162, 164 (5th Cir.1983)). In reviewing the substantiality of the evidence, a court must consider the record as a whole and "must take into account whatever in the record fairly detracts from its weight." *Singletary v. Bowen,* 798 F.2d 818, 823 (5th Cir.1986).

Plaintiff raises four issues on this appeal:

1. The Administrative Law Judge's decision was not supported by substantial evidence as the evidence shows plaintiff meets listing 12.04 and 12.06.

2

2. The Administrative Law Judge's decision was not supported by substantial evidence as plaintiff suffers from a combination of impairments that show she is disabled.

3. The Administrative Law Judge erred in discrediting the opinion of Betty Feir, PhD.

4. The Administrative Law Judge erred in failing to present a complete hypothetical to the V.E. to include plaintiff's mental impairments.

*Issue No. 1:*

Plaintiff contends that the ALJ erred in not finding that Plaintiff's impairments meet or medically equal the requirements of one of the listed impairments in Listing 12.04 or 12.06, leading to a finding of disability at Step Three. The Listings are generally exacting and a claimant bears the burden of proving that she meets each of the requirements. Section 12 of the Listings deals with mental disabilities, and 12.04 covers affective disorders while 12.06 covers anxiety-related disorders.

The ALJ found that Plaintiff had no mental limitations. Tr. 16. He noted that "the claimant has never had mental health treatment." Tr. 18. "With the exception of a single instance where the claimant felt anxious during an enclosed MRI, she has never complained of anxiety or depression. To the extent that the claimant's self-report of decreased activities and malaise could be construed as psychological complaints, she has only exhibited these symptoms once in the record, and no objective findings or psychiatric diagnoses were made during that visit. In short, there is no evidence prior to her representative-referred examination with Dr. Feir of any mental impairments." Tr. 18.

Plaintiff carefully discusses the legal requirements of the two Listings at issue, but offers almost no evidence in the record to satisfy those requirements, other than the report of Dr. Feir, which is addressed below. The ALJ, by contrast, conducted a very thorough and compelling

3

review of all of the medical evidence, the testimony by the Plaintiff, the statements of her friends and family, and the ALJ's personal observations of the Plaintiff during the hearing. Each of the Listings requires "medically documented persistence" of the relevant syndrome, along with evidence of specifically listed symptoms or affects on the claimant's ability to perform certain functions. *See* 20 C.F.R. Part 404, subpart P, appendix 1, 12.04, 12.06. The Court finds that the testimony of the Plaintiff, discussed in the Plaintiff's Brief does not come close to satisfying the requirements of the Listings, especially the requirement of medically documented persistence, nor can the Court find such evidence in its review of the record. Accordingly, Plaintiff is not entitled to relief on this issue.

*Issue No. 2:*

Despite the description of this issue in the heading, the argument in the Plaintiff's Brief concerns the ALJ's decision to discount Plaintiff's complaints of pain and other disabling symptoms. The Court notes that, while the ALJ has great discretion in weighing the evidence and determining credibility, there are parameters governing those findings. For instance, in Social Security Ruling 96-7, the Commissioner clarified that:

> It is not sufficient for the adjudicator to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the adjudicator simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

A review of the ALJ's opinion, especially at pages 9 to 12, shows that the ALJ did perform the required analysis of the record and give the specific reasons for his credibility determination. The Court finds that the record, and particularly the medical evidence, amply

4

supports the ALJ's finding that the Plaintiff's complaints of pain and disabling symptoms were not fully credible. The Court has also reviewed the testimony of the Plaintiff and finds that it is consistent with the findings of the ALJ and does not support credible limitations beyond those provided for in the residual functional capacity assessed by the ALJ. Accordingly, Plaintiff has not shown entitlement to relief on this issue.

*Issue No. 3:*

After the hearing with the ALJ, Plaintiff's counsel had Plaintiff evaluated by Dr. Betty Feir, a clinical psychologist. Dr. Feir's four-page report consists entirely of a single interview with Plaintiff, without any testing or the review of other medical records. The report recounts that Plaintiff has only had mental health treatment once, 15 years ago, after she tried to kill herself with alcohol and pills. Tr. 169. The account is confused and centers on Plaintiff walking down a road in a small Missouri town and almost being hit by a car. Later in the report, Plaintiff is noted to have said that she has had suicidal thoughts but "has never made an attempt and does not have a plan." Tr. 171. As observed by the ALJ, there is very little in the report to support the diagnosis of depressive disorder and anxiety disorder. Given that Dr. Feir did not prescribe or even recommend any treatment, and described her undertaking as an evaluation, there is a serious question whether she should be deemed a treating physician within the meaning of SSR 96-2p. However, to the extent she does qualify as such, the ALJ set forth a detailed and well-considered statement of his reasons for discounting her findings. Tr. 19-21. Accordingly, Plaintiff has not shown entitlement to relief on this issue.

*Issue No. 4*:

The final issue presented is whether the ALJ framed the hypothetical question to the Vocational Expert at the hearing in such a way as to properly encompass all of Plaintiff's exertional and non-exertional limitations. Plaintiff argues that the ALJ erred in failing to include depression, anxiety, limited I.Q. and chronic pain. While it is true that the ALJ did not include these conditions, that was because he did not find sufficient evidence to support any limitations based on those complaints. Plaintiff is unable to point to any evidence in the record, beyond that already discussed above, that would support non-exertional limitations based on pain or mental conditions. The ALJ's decision on the scope of the hypothetical question is supported by substantial evidence in the record.

Plaintiff also argues that the Vocational Expert testified that the housekeeper/cleaner job was in the medium to heavy exertional level and thus outside Plaintiff's residual functional capacity as found by the ALJ. However, the record makes clear that the expert testified that housekeeper/cleaner was in the light category, and it was the nursing home housekeeper and hospital housekeeper jobs that fell above that. Tr. 205. Accordingly, Plaintiff has not shown a basis for relief on this issue.

*Conclusion:*

Having found that the record supports the finding of the ALJ, the decision of the Commissioner is affirmed and this action is dismissed.

**SIGNED this 14th day of May, 2015.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE